## BROWN *v.* BYROADS.

CONTRIBUTORY NEGLIGENCE.—*Master and Servant.*—An employee in a stave factory, in the absence and in violation of the directions of his employers, exchanged his usual and proper place of work, for which he was employed, as a catcher—a place of little or no danger—for that of sawyer, a much more dangerous position; and, while he was so acting as sawyer, a band wheel broke, and one of the pieces hit and injured the employee.

*Held*, that the employee, by going from his proper place into one of greater danger, contributed to his injury, and was not entitled to recover damages for his injury.

PLEADING.—*Damages.*—A complaint for damages, for injuries to a person caused by negligence, is not bad on demurrer, merely because it does not allege the amount of special damage to the plaintiff, or of expenses alleged to have been laid out, or of services lost.

From the Boone Circuit Court.

*A. J. Boone* and *R. W. Harrison,* for appellant.

DOWNEY, J.—This action was brought by the appellee against the appellant and another, who was not served with process. Brown demurred to the complaint, on the ground that it did not state facts sufficient to constitute a cause of action, and his demurrer was overruled. He then answered in two paragraphs, to the second of which there was a general denial. The cause was tried by a jury, and there was a general verdict for the plaintiff, with answers to certain interrogatories propounded to the jury. A motion for a new trial was made by the defendant and overruled by the court. Final judgment was rendered on the verdict for the plaintiff.

The errors assigned call in question the rulings of the

court in overruling the demurrer to the complaint, and in refusing to grant a new trial.

The complaint states that the defendants owned a stave factory; that the plaintiff, for hire, agreed to work for the defendants in and about the factory, at their request and under their direction and control; that the machinery was defective and unsafe, and was run in a careless, negligent, and unskilful manner by the defendants, of which the plaintiff was ignorant; that while the plaintiff was at his usual and proper place at work in said factory, he not being an engineer, nor having any direction or control over said machinery, and under the direction and control of the defendants, he received certain injuries to his person by the breaking of said defective machinery, while running at an unusual, dangerous, and high rate of speed under the direction of the defendants, of so serious a nature as to endanger his life; that he did not, by his own fault or negligence, contribute to his injuries; that by means of his injuries he became sick, sore, lame, and disordered, and so continued for a long time, and suffered and underwent great pain, and was hindered and prevented from transacting and attending to his lawful and necessary affairs, and lost and was deprived of divers great gains, profits, and advantages, which he might and would otherwise have derived and acquired, expended large sums of money for nursing, care, and medical attendance, etc.; that by reason of said injuries he has been and is rendered a cripple for life; wherefore he demands judgment for five thousand dollars, and other proper relief.

The first paragraph of the answer was a general denial. The second paragraph amounted to a general denial.

The objections urged against the complaint are, that there is no allegation of the amount of special damages to the plaintiff, nor of the amount of expenses or the value of services lost. We regard the complaint as containing a good cause of action. The defects mentioned might probably be a reason for excluding evidence of any damages of the kinds mentioned.

Brown *v.* Byroads.

Among the reasons for a new trial, it was urged that the verdict of the jury was not sustained by sufficient evidence. We are clearly of the opinion that, on this ground, the new trial should have been granted. The part of the machinery, which it is contended was defective, was a wheel or pulley which carried a band, and the alleged defect was, that it had once before been broken, and was mended by riveting pieces of iron upon it in such a manner as to hold the parts together as they were before it was broken. The evidence tended to show that the wheel was safe if run at an ordinary speed, and with reasonable care ; and it had been used in this condition for several years. The plaintiff knew of this condition of the wheel ; the injury resulted from the bursting or breaking of this wheel, and from the plaintiff's being struck by one of the pieces.

Several hands were employed at the factory, each having his own department of the work to do. Preserve Brown was cutter, Peter Byroads, the plaintiff, was catcher, Scott Millett was sawyer, John Garner bolt-puller, Kersey and Wiltshire pilers, and Ben and James Monroe engineers. It was the duty of the catcher to catch the staves as they were cut, and this position was one of little or no danger. In front of the sawyer were two buzz saws, and at a greater distance the wheel which broke. The sawyer placed the staves, several at a time, upon the frame in front of the saws, and moved them against the saws, cutting them in the same lengths, the pieces, which were cut off at each end, falling down so as to accumulate and interfere with the saws, if not removed. This position was one of much greater danger than that of catcher. The plaintiff had been employed to serve as catcher, but at the time of the injury had exchanged places with Millett, the sawyer, and was himself acting as sawyer, while Millett was acting as catcher.

The evidence is quite satisfactory that this change of places was not only without the sanction of the defendants, but was in direct violation and disregard of their directions and instructions. The tendency of the evidence, so far as it

tends to disclose a cause for the breaking of the wheel, is to show, that it may have resulted from a want of proper care in freeing the saws from the blocks or pieces which were cut off the staves. The injury was received on Saturday, in the forenoon, and the evidence shows that while the engine was probably not running any more rapidly than usual, the timber and the staves were being handled more rapidly, in order to get through with the usual amount of work at an earlier hour. But the evidence shows that the plaintiff assented to this, and was equally desirous with the others to get through with the day's work. Neither of the defendants was present.

The complaint alleges that the injury occurred while the plaintiff was at his usual and proper place. This is untrue. It also states that the plaintiff did not, by his own fault or negligence, contribute to his injury. This, too, is untrue. On the contrary, he went out of his proper place, and, by going into one of greater danger, did contribute to his injury, and for that reason was not entitled to recover. 2 Davis Ind. Digest, title Negligence.

Questions are made as to the correctness of rulings of the court in giving certain instructions, and in refusing to give others, but in the present state of the evidence in the case, we do not deem it necessary to consider them.

The judgment is reversed, with costs, and the cause remanded, with instructions to grant a new trial.