### EDWARD KELLY *vs.* JOHN M. JOHNSON.

Suffolk.    March 23. — April 19, 1880.    AMES & LORD, JJ., absent.

In an action for personal injuries occasioned to the plaintiff by the negligence of the defendant's servant, it appeared that the plaintiff was a machinist in the employ of W., a builder of steam-engines; that the defendant, a teamster, was employed to transport an engine from W.'s shop to the railroad station, and went with his truck and servants to do this work; that, after the engine was loaded upon the truck, he falsely represented to the plaintiff that W. had agreed to send two of his men to the station to assist in loading the engine upon the car; and that the plaintiff was thereby induced to go to the station and assist the defendant, and, while putting the engine upon the car, was injured. *Held*, that the plaintiff did not become the servant of the defendant; and that the action could be maintained.

TORT for personal injuries occasioned to the plaintiff by the negligence of the defendant's servant. Trial in this court, before *Endicott*, J., who, after verdict for the plaintiff, reported the case for the determination of the full court. The facts appear in the opinion.

*J. F. Pickering,* (*J. W. Pickering* with him,) for the defendant
*W. Gaston & C. L. B. Whitney,* for the plaintiff.

MORTON, J.   The verdict of the jury settles the fact that the plaintiff was injured by the negligence of a servant of the defendant in the course of his employment.

At the trial, the defendant contended that he was not responsible for the injury, because the plaintiff was a fellow-servant of the person by whose negligence he was injured.   Upon this point, the following facts appeared, and were established by the verdict.   The plaintiff was a machinist in the employ of one Winchester, a builder of steam-engines and machinery.  The defendant, a teamster, was employed to transport an engine from Winchester's shop to the railroad station.   He went with his team and servants to do this work.   After the engine was loaded upon the truck, he falsely represented to the plaintiff that Winchester had agreed to send two of his men to the station to assist in loading the engine upon the car.   The plaintiff was thereby induced to go to the station to assist the defendant, and while putting the engine upon the car was injured.

The presiding justice rightly instructed the jury that, upon these facts, the plaintiff did not become the servant of the defendant.   A servant cannot recover of his master for an injury caused by the negligence of a fellow-servant, because, when he enters into the service, he by implication agrees that he will take the ordinary risks of the service, including the risk of the negligence of fellow-servants.   But the plaintiff did not enter into the service of the defendant.   There was no contract of service between them.   The plaintiff could not recover any wages of the defendant.   He was in the service of Winchester, and believed and understood that he was doing the work of Winchester.   He was induced to assist the defendant by his false representations, but the defendant cannot thus impose upon him the incidental and implied obligations of a contract of service into which he has not entered.   *Judgment on the verdict.*