Everhart *v.* The Terre Haute and Indianapolis Railroad Company.

No. 8718.

EVERHART *v.* THE TERRE HAUTE AND INDIANAPOLIS
RAILROAD COMPANY.

NEGLIGENCE.—*Railroad.—Pleading.*—A complaint against a railroad com-
pany, to recover for personal injury, showed that the plaintiff, who was
casually passing, at the request of an employee of the defendant, got upon
a car that was moving slowly upon a switch, and applied the brakes to
stop it, and, while so engaged, other servants of the defendant carelessly
caused other cars of the defendant to collide violently with that which
the plaintiff was upon, by reason of which the injury occurred.
*Held,* that the plaintiff must be regarded as a mere intermeddler, to whom
the defendant owed no duty, either as employee, passenger, or traveller
on an intersecting highway, and that the complaint was bad on demurrer.

From the Marion Superior Court.*

*C. P. Jacobs,* for appellant.

*J. G. Williams, B. Harrison, C. C. Hines* and *W. H. H.
Miller,* for appellee.

WORDEN, J.—Complaint by the appellant against the ap-
pellee in two paragraphs. The first alleges " that the defend-
ant is a corporation, organized under the laws of the State of
Indiana, and, as such, owns and operates a railroad line from
Indianapolis to Terre Haute, Indiana, and also certain lines
of track laid down and used for switching and making up
freight and passenger trains in the city of Indianapolis, Indi-
ana; that, on the 20th day of August, 1879, the plaintiff (who
is a minor) was returning home along South West street, in
said city, and, on coming to the point where the tracks of the
defendant cross said West street, was stopped by several flat
or coal cars, which were moving slowly across said street;
that at this moment a servant and employee of the defendant,
who was employed on and about said switching tracks, re-
quested the plaintiff to get upon one of said coal cars and ap-
ply the brake thereto, so as to bring it to a full stop; that the
plaintiff acceded to this request, and got upon one of the said
coal cars, and . laid hold of the brake wheel thereof, to do as

he had been requested; that certain other employees of the defendant, who had charge of a switching engine belonging to the defendant, to which were attached some other empty coal cars, undertook to make what is known as a running switch, and carelessly, negligently, wilfully and recklessly cut off several coal cars from the engine, which, under a considerable speed, ran on eastward, and wilfully, recklessly, carelessly and negligently left them without any brakeman or other person to take care of them or stop them, and thus left alone they ran into and collided heavily with the car on which the plaintiff was, and the shock threw the plaintiff off and upon the ground and under said cars, and the cars ran against and upon him, mangling him severely, without the fault or negligence of the plaintiff, and in a manner which he was powerless to prevent; that, in the crush of the wheels created by the collision aforesaid, the bones of his right foot were broken and mashed, his right leg skinned for a considerable distance, his left foot badly bruised, and a deep gash cut in his groin, and he has been ever since confined to his bed, and has suffered and still suffers great pain and anguish therefrom. He is informed and believes that these injuries are of a permanent character, and that his left foot is crippled for life, and that he will be confined to his bed for many months to come. * * * He further avers that the loosening of said cars from the engine on the running switch was so sudden that he could take no means to avoid the injury, as the cars were upon him before he could see or provide for the danger."

The second paragraph alleges the organization of the defendant as a corporation under the laws of the State of Indiana, and that, as such corporation, it "owns and operates a railroad line leading from Indianapolis westward across White river, and also certain lines of track used principally for switching and as side tracks, which have been laid down in and upon a public street in the city of Indianapolis, called Louisiana street, and along the same from Tennessee street to White river, within the limits of said city; that at a point

or place on said Louisiana street, a certain other street of said city, called West street, crosses said Louisiana street, and the said crossing has been filled with railway tracks, main and side tracks, and from thence westward to said White river, upon and along which the defendant's engines and cars are almost constantly moving, attached to coal and freight cars; that on the 20th of August, 1879, the plaintiff (who is a minor) was returning home and walking upon the sidewalk of South West street in said city of Indianapolis, and coming to its intersection with said Louisiana street, across which his route lay, was walking carefully across said last-named street, and when about two-thirds of the way across said Louisiana street, found his progress barred by several empty coal or flat cars, which were slowly moving westward, entirely without any person to manage or stop them, and unattached to any engine; that, as plaintiff stopped, a servant and employee of the defendant, who was engaged at the time in looking after and oiling the defendant's cars upon and along said tracks, directed the plaintiff to climb upon said empty cars and apply the brakes to them and stop them; plaintiff did so without any delay, and while the cars were slowly moving westward along one of the tracks aforesaid, applied the brakes with all his force to stop the car he was on; that during this time certain servants and employees of the defendant, in charge of one of the defendant's switching engines, were engaged in moving and switching cars therewith at the western extremity of Louisiana street, near the bridge over White river, where the side or switching tracks join or unite with the main track used by the defendant, and with said engine pushed certain empty flat coal cars from the west of the said junction down upon the side track on which were the cars, upon one of which the plaintiff was standing, and at the brake thereof, and wilfully, recklessly and negligently allowed said coal cars to run upon and along said track, disconnected and cut off from the engine that had started them, entirely wild and without any person upon them to control the brakes thereof, and at a dan-

gerous rate of speed, and the motion they had thereby acquired drove and propelled them swiftly, and all unseen by and without the knowledge of this plaintiff, who was engaged at the time in tightening the brakes on the car he was upon, and suddenly ran against the cars on which the plaintiff was riding, with great force, and the shock of the collision threw the plaintiff off the car and upon the track and under the wheels of the cars, which ran upon him, wounding him in several places, and mangling his foot as hereinafter set forth. And the plaintiff says he had no reason to expect, and did not expect, and did not know, that the defendant's agents or servants, or any other person, would allow said cars to be pushed along and upon said side track, from the west end thereof, while the car he was on was moving along said track westward, nor that they would push said cars down said track, and disconnect them from the engine, and allow them to run wild and unattended by any person to manage the brakes thereon, nor that any cars were coming, until they were so near as to make a collision inevitable; that he had no means or knowledge whereby he could foresee the danger, and that it came so suddenly upon him that he was unable to prevent it. He avers that he was not guilty of any negligence or carelessness at or before the time of the collision, and that, as soon as he was aware of the danger, he used every effort to prevent it, but without success. He says that if the cars approaching from the west had been properly manned by a sufficient number of persons to apply the brakes in time, the collision would have been prevented, and that if the defendant's agents or employees in charge of the switch engine had taken proper care, and the means at hand to know whether the track was clear, the injury to the plaintiff would not have happened; that if the defendant's servants in charge of the engine had not pushed the cars down the side track with great speed, and wilfully and recklessly suffered them to run wild and unattended, the collision would not have taken place; that, in getting upon the car to stop it by the use of the brake, he did so

solely at the request of the defendant's servant and employee as aforesaid, and without any reward or remuneration, or promise or expectation of any reward or remuneration."

The paragraph then proceeds to allege the extent of the plaintiff's injuries, and the expenses incurred, and claims judgment in the sum of $20,000.

A demurrer to each paragraph of the complaint for want of sufficient facts was sustained and final judgment rendered for defendant. Judgment affirmed on appeal to general term.

On the authority of the cases of *Degg* v. *Midland R. W. Co.*, 1 H. & N. 773, *Flower* v. *The Pennsylvania R. R. Co.*, 69 Pa. St. 210, and *New Orleans, etc., R. R. Co.* v. *Harrison*, 48 Miss. 112, cases which seem to us to be entirely in point in principle, we feel constrained to hold that on the facts stated the defendant is not liable, and, therefore, that the ruling below was right.

If the plaintiff were to be regarded as having been the servant of the defendant, it would seem that he could not recover for the injury caused by the negligence of his fellow servants. But it seems to us, that on the facts stated in either paragraph of the complaint he can not be regarded as having been the servant of the defendant. See *Kelly* v. *Johnson*, 128 Mass. 530. He was not requested or directed to man the brake by any one that is shown to have had authority from the defendant to make such employment.

In the first paragraph it is alleged that " a servant and employee of the defendant, who was employed on and about said switching tracks," requested the plaintiff to get upon one of the cars and apply the brake, etc. ; and in the second paragraph it is averred that " a servant and employee of the defendant, who was employed at the time in looking after and oiling the defendant's cars upon and along said tracks," directed the plaintiff, etc.

The plaintiff was a mere volunteer, consenting, at the request or direction of an employee of the defendant, to perform service which should have been performed by the employees

themselves; and, while he can not be regarded as an employee, he is in no better condition than if he had been.

Nor is he in any better condition legally than if he had been a mere intermeddler, undertaking to perform the service without request or direction from any one, because, as we have seen, he was not requested or directed to get upon the car and apply the brake by any one having power from the defendant to authorize him to do so. The defendant owed him no duty either as an employee, passenger or traveller upon a highway crossed by the railroad. Under the circumstances, the authorities above cited make it clear that the defendant is not liable.

If there had been an urgent necessity for some one other than an employee of the defendant to get upon the car or cars and apply the brakes, in order to prevent a destruction of human life or valuable property, possibly the case might be different; but no such necessity was shown.

The judgment below is affirmed, with costs.