## SPARKS *vs.* THE EAST TENNESSEE, VIRGINIA AND GEORGIA RAILWAY COMPANY.

1. The plaintiff's evidence showing that he put himself under the conductor to work his way instead of paying his fare as a passenger, and that without the conductor's instructions he took orders from a brakeman to couple a car to the train and was injured while so doing, the injury being due to the temporary effects of cold weather on the coupling, and not to any fault or negligence of the employés of the company, a judgment of nonsuit was not erroneous.

2. In a plain case requiring little or no argument for its elucidation, the trial court will not be reversed for interrupting counsel "almost at the outset" of his argument, and deciding the case, it not appearing how much time had been occupied before the interruption, or that counsel had more to say and insisted upon being heard further.

December 19, 1888.

Sparks *vs.* The East Tennessee, Virginia and Georgia Railway Company.

Railroads. Master and servant. Negligence. Nonsuit. Practice. Before Judge MADDOX. Floyd superior court. March term, 1888.

Reported in the decision.

H. M. WRIGHT, for plaintiff.

BACON & RUTHERFORD and WRIGHT, MEYERHARDT & WRIGHT, for defendant.

BLECKLEY, Chief Justice.

1. The action was by Sparks for a personal injury received whilst coupling cars. He was his own witness, and the evidence which he gave to the court and jury showed clearly that he had put himself under the orders of the conductor to work his way instead of paying fare as a passenger, and that without any express instructions from the conductor he took orders from a brakeman, and while engaged in the execution of these orders was injured. He was a mere volunteer, and not in the service of the company. Degg *vs.* Midland R. R. Co., 1 Hur. & Nor. 773 ; Everhart *vs.* R. R. Co., 78 Ind. 292 ; Flower *vs.* R. R. Co., 69 Pa. St. 210 ; New Orleans R. Co. *vs.* Harrison, 48 Miss. 112. Moreover, his injury resulted, not from the negligence of the company or any of its employés, but from the unknown and unforeseen fact that the coupling was frozen in a way to prevent it from working freely. He testified that had not the coupling proved to be in that condition the injury would not have occurred. He knew the state of the weather, and had many years' experience as a railroad man, and it was as easy for him to anticipate the effect of frost upon the coupling as for the servants of the company to do so. He was a volunteer in the work he

undertook, and his failure to accomplish it successfully was due to accident. He complains that the car to be attached was moved too rapidly, yet says that the speed was not unusual, and that he had formerly made couplings when it was three times as great. He complains also that no brakeman was on top to work the brake, yet he saw there was none before he exposed himself.

He was unfortunate and is therefore entitled to sympathy, but the victim of a mere casualty has no cause of action. *Central R. R. vs. Smith,* this term (*post*). The court did not err in granting a nonsuit.

2. It is complained that the counsel was not fully heard in resistance to the motion for a nonsuit. As the decision of the court was correct beyond doubt or question, we cannot send the case back merely to have an unfinished argument concluded, unless we could know from the record how long or to what extent the counsel had been heard. We are not informed what length of time had been consumed, or at what precise stage of the discussion the counsel was obliged to suspend his remarks. The constitution (code, §4996) declares: "No person shall be deprived of the right to prosecute or defend his own cause in any of the courts of this State, in person, by attorney or both." And the right to be heard fully in argument on all final trials has been recognized by this court. *Early vs. Oliver,* 63 *Ga.* 11, and cases cited. We would not be warranted in concluding that any court had gone counter to these authorities without having it expressly so certified, or else some statement of the specific facts showing as matter of certain inference that such was the case. The order granting the nonsuit declares that argument had been heard. Surely this does not mean argument by the prevailing party only, as such is not the method of courts of justice. The bill of exceptions

. recites that "counsel for plaintiff proceeded to reply to the argument in favor of the nonsuit, but was, almost at the outset, interrupted by the court, who stated that it was unnecessary for counsel for plaintiff to take up the time of the court, as the court was 'dead-head' against him, and the court then passed the order." The interruption was not in the outset, but almost at the outset. This is too indefinite to enable us to rule that the court denied a reasonable hearing. Had the counsel more to say, and did he so inform the court? Did he yield without objection, or did he insist upon being further heard? How long did he speak, and how much longer should the court have listened? It seems to us that a very few minutes would have sufficed for saying all that could be said in support of so weak a case. We know it is frequently the habit of counsel to make the speech long because the case is weak, yet we agree with the circuit judge in thinking it needless to do so. We really believe that the best and strongest argument that the present case admitted of on either side might have been brought to a conclusion "almost at the outset." That the judicial head was in the mortuary state described by its possessor was a necessary result of the evidence.

Judgment affirmed.