CHARLES CHURCH vs. CHICAGO, MILWAUKEE & ST. PAUL RY. Co.

Argued June 8, 1892. Decided June 22, 1892.

**Plaintiff was not a Servant of Defendant.**

A construction train of defendant, in charge of a conductor, having pulled into a station, the conductor temporarily left the train to attend to his usual duties at the station, leaving the train men to do some switching, so as to transpose some of the cars; one of the brakemen, called "head brakeman," having charge of the switching movements of the train. At the request of this "head brakeman," the plaintiff, a bystander at the station, got on the cars to assist in the switching, and while doing so sustained injuries caused by the movement of certain car trucks which were loaded on one of the cars, and which were not properly blocked. *Held,* that the brakeman had no authority to employ additional men to assist in switching. The fact that the existing force might have been insufficient to do the work did not, under the circumstances, give him any implied authority to do so; that, if any one on the ground had such authority, it was the conductor.

**A Volunteer Assumes the Risks.**

The plaintiff was a mere volunteer, and assumed all the risks of the situation.

Appeal by plaintiff, Charles Church, from an order of the District Court of Ramsey County, *Cornish,* J., made February 6, 1892, denying his motion for a new trial. When plaintiff's evidence was in, the defendant moved to dismiss the action, and the motion was granted. Plaintiff moved for a new trial.

*S. P. Crosby,* for appellant.

*W. H. Norris,* for respondent.

MITCHELL, J. Taking the admissions in the pleadings, the evidence admitted, and accepting as true all that plaintiff offered to prove, the facts in this case were as follows:

Plaintiff had been in the employment of the defendant as a brakeman on a freight train running east of Calmar, Iowa. Having been taken ill, he had gone, on a leave of absence, to his home in Northfield, Minn. On the day in question he went down to defendant's depot in Northfield, for the purpose of writing or telegraphing to Austin for a pass over defendant's road to go back to his work. While he was at the depot a wrecking train came into the station in charge of a conductor, and with an engineer, fireman, and two brakemen, one of whom is called "head brakeman." This train was on its way to pick up a wreck, and, in addition to an engine and tender, consisted of two or more flat cars, upon one of which was loaded a derrick, and on another two pair of heavy car trucks. After the train pulled into the station the trainmen proceeded to switch the cars and transpose them so as to put the "derrick car" in the rear, and place the "truck car" next in front of the derrick. On its arrival the conductor left the train to attend to his other usual duties at the station while this switching was being done, the head brakeman being in charge of the switching movements of the train.

While this switching was going on, the head brakeman being on the cars and the other brakeman at the switch, and a third man being necessary (as plaintiff offered to prove) to do the switching, the head brakeman, seeing plaintiff standing by, requested him to get onto the cars and assist. The plaintiff did so, and while thus engaged sustained the injuries complained of, caused, as is claimed, by reason of the trucks on the flat car not being properly blocked.

It was necessary for the plaintiff to establish, as the essential foundation of his right to recover, the existence of the relation of master and servant between himself and the defendant company, and this in turn depended upon the authority of the head brakeman to employ him to assist in the switching.

In our opinion, none of the evidence introduced or offered had any tendency to prove any such relation between plaintiff and defendant, or any such authority on the part of the head brakeman. The fact

that plaintiff had been or was in the employment of the defendant elsewhere is wholly unimportant. He was not at the station on defendant's business. He was not an employe of defendant at that place or as to the switching of that wrecking train. The case stands precisely as if the head brakeman had called on any other bystander at the station to assist. While the head brakeman·had charge of the movements of the train in doing this switching during the temporary absence of the conductor from the cars on other business, yet this was the entire scope and extent of his authority. The conductor had not abdicated the general charge and control of the train, or turned it over to the brakeman. The latter had no authority, actual or apparent, express or implied, either from custom or from any present pressing emergency, to employ additional brakemen, either permanently or temporarily. It was wholly immaterial whether two brakemen were or were not sufficient to do the switching. Even if they were not, that fact would not, under the circumstances, give a mere brakeman authority to employ an additional force. If any one on the ground had any implied authority to do so it was the conductor, who had charge and control of the train. In doing what he did the plaintiff was, therefore, a mere volunteer, and, as such, assumed all the risks incident to the position. The defendant did not bear to him the relation of master or employer, and owed .him no duty as such. *Flower* v. *Pennsylvania Railroad Co.*, 69 Pa. St. 210 ; *Sherman* v. *Hannibal & St. J. R. Co.*, 72 Mo. 62; *Sparks* v. *East Tennessee, V. & G. Ry. Co.*, 82 Ga. 156, (8 S. E. Rep. 424;) *Everhart* v. *Terre Haute & I. Ry. Co.*, 78 Ind. 292; *Rhodes* v. *Georgia Railroad & Banking Co.*, 84 Ga. 320, (10 S. E. Rep. 922;) *Atchison, T. & S. F. Ry. Co.* v. *Lindley*, 42 Kan. 714, (22 Pac. Rep. 703.)

Counsel for plaintiff has cited no case which sustains his contention in this case. Many of those which he cites have no bearing whatever upon the question here involved. There are cases which hold that, where a regular brakeman is absent, and the proper and safe management of the train so requires, the *conductor* in charge has authority to supply the place of the absent brakeman. Such, for example, are the cases of *Sloan* v. *Central Iowa Ry. Co.*, 62 Iowa, 728, (16 N. W. Rep. 331,) and *Georgia Pac. Ry. Co.* v.

*Probst,* 83 Ala. 518, (3 South. Rep. 764.)   And if any sudden or unexpected emergency should arise, such that the safety of the train demanded an extra force of brakemen, probably it would be held that it was within the implied authority of the conductor to employ them.   But such cases are clearly distinguishable from the present, where a mere brakeman, without the knowledge of and without auhority from the conductor in charge of the train, and in the absencetof any sudden emergency, assumed to call upon a bystander to assist in switching.

Another line of cases cited by counsel is also clearly distinguishable from the present one.   They are those where one assists the servants of another at their request for the purpose of expediting his own business or that of his master.   Such is the case of *Eason* v. *S. & E. T. Ry. Co.,* 65 Tex. 577.   The case of *Street Ry. Co.* v. *Bolton,* 43 Ohio St. 224, (1 N. E. Rep. 333,) is also referable to the same class.   See, also, *Holmes* v. *North Eastern Ry. Co.,* L. R. 4 Exch. 254, affirmed L. R. 6 Exch. 123.   The decisions in this class of cases are placed upon the ground that, though performing a service beneficial to both, the party is doing so in his own behalf, and not as the servant of the company, and is entitled to the same protection against its negligence as if attending to his own private affairs.   See, also, Thomp. Neg. 1045, and cases cited.

Neither is the case of *Johnson* v. *Ashland Water Co.,* 71 Wis. 553, (37 N. W. Rep. 823,) so much relied on by counsel, particularly in point.   The question there arose merely on demurrer to the complaint, and the decision is merely made to rest upon the fact that the complaint alleged that the person who employed the plaintiff to assist was at the time the superintendent having charge and control of the work.

There was no error in excluding the evidence offered by plaintiff, and consequently the order appealed from must be affirmed.

(Opinion published 52 N. W. Rep. 647.)