Carroll,
Dec., 1899.

McGILL, *Adm'x*, v. MAINE AND NEW HAMPSHIRE GRANITE CO.

The duty of a master to furnish safe and suitable appliances extends only to those servants who are required, permitted, or expected, in the course of the employment, to make use of the instrumentalities provided.

A servant who voluntarily, without the direction or acquiescence of the master, engages in work he was not hired to perform, assumes the risk of injury from dangers peculiar to such service.

In an action for negligence against an employer, certain evidence considered insufficient to warrant a submission to the jury of the question whether the plaintiff's intestate could have escaped injury by the exercise of ordinary care.

CASE, for negligence resulting in the death of the plaintiff's intestate, James McGill, while in the employ of the defendants.

Trial by jury and verdict for the plaintiff. The evidence tended to show the following facts : The deceased had been in the defendants' employ for about twelve years, and at the time of his death had charge of their granite shed and yard, being foreman of that part of their works. This shed and yard were on a siding of the Maine Central Railroad, which extended in an easterly direction from the main line through the defendants' premises a distance of about 1,000 feet. There was a switch in the yard some 200 feet westerly of the shed, which was usually kept open so that cars coming down the siding could not go upon the main line. This siding extended easterly of the shed, on an up-grade, a number of hundred feet to and some 500 feet beyond a steam stone crusher operated by the defendants. It was the defendants' custom to put four or five cars upon the siding above the crusher. By their direction, their employees then moved the cars down the track, one at a time, under a spout at the crusher, loaded them with crushed stone, and then moved them a short distance down the track toward the main line, to be taken by the railroad. The moving of the cars done by the defendants' employees was effected by pinch-bars or gravity. On the day of the injury to McGill, two of the defendants' employees loaded two of the cars in this manner, and while they were letting them down the grade, the cars got beyond control and ran away by reason of a defective brake on the rear car. The men moving them jumped off when they found them beyond control. McGill had nothing to do with the work at the crusher, which was in the charge of another foreman ; but when the cars came by the shed and through the yard where he was at work, and he saw the forward car, which was some fifty or sixty feet in advance of the other, running away unattended, he ran ahead and closed the switch, which was open. When the first car ran past the switch, leaving the switch closed he pursued the car down the siding. As he overtook the first car and was about to climb upon it, the second car ran over and killed him. The evidence tended to show that he did not see the second car until just before it ran into him, but that at the switch there was an unobstructed view up the track easterly for about 400 feet, and that the cars could be plainly seen for that distance. The defendants excepted to the denial of their motions for a nonsuit and to direct a verdict for them.

*Josiah H. Hobbs* and *Fred B. Osgood*, for the plaintiff.

*John B. Nash* and *Walter D. H. Hill*, for the defendants.

PARSONS, J. The jury were instructed that the defendants were bound to exercise reasonable care to ascertain by proper

inspection or examination that the cars were safe for the use which the defendants required their employees to make of them. To this instruction the defendants excepted, and requested an instruction that a shipper is not responsible for the construction of a car received from a railroad company in the ordinary course of business, unless there is a plain defect that could be discovered by reasonable diligence. The question, if raised by the foregoing, whether the rule applicable to railroad companies, requiring inspection of the cars of other companies used for transporting freight, is or not applicable to persons upon whose sidings cars are delivered for loading or unloading, was decided adversely to the plaintiff in *McMullen* v. *Carnegie*, 158 Pa. St. 518, while in *Spaulding* v. *Granite Co.*, 159 Mass. 587, a rule more favorable to the plaintiff than that included in the instructions given was approved. But in the view we take of the case we have not found it necessary to consider this question.

" As a matter of course there can be no negligence where there is no duty." Shearm. & Red. Neg., *s.* 15. It must appear, to render the defendants liable, that the action or omission to act, of which complaint is made, constituted a breach of a duty owed the plaintiff by the defendants. Conceding that a duty of inspection rested upon the defendants, such duty arises from the familiar principle that the master is bound to exercise due care to furnish the servant with such appliances for his work as are suitable and may be used with safety. Such duty is owed only to the servants required, or permitted, or, in the course of the business, expected to make use of the instrumentalities provided. · If the failure of inspection was a breach of duty to the employees at the stone crusher, who were required to move the cars, such failure was no breach of any duty owed by the defendants to a stranger, or to McGill, who "had nothing to do with the work at the crusher." So far as appears, all the appliances furnished McGill for his work were safe and suitable. No harm came to him in his use of such as were furnished him. Neither did the defective brake or the running away of the cars render his place of work unsafe, or put him in danger in going to or returning from his work, or endanger his safety in the course of the employment for which he was hired. He was foreman of the granite shed and yard. Farther up on the siding running through the yard was the stone crusher in charge of another foreman. When McGill observed the cars running away, he was in a place of safety. He was not responsible for the escape of the cars. He was not required by the direction of his employer or the nature of his employment to take any steps in the matter. His subsequent injury, arising from his unauthorized action, without request in fact or by im-

plication from the defendants, and not from any breach of duty owed him by the defendants, does not sustain a charge of negligence against them. Where the servant voluntarily and without directions from his master, and without his acquiescence, goes into hazardous work outside his contract of hiring, he puts himself beyond the protection of the master's undertaking; and if he is injured, he must suffer the consequences. *Pittsburg etc. Ry.* v. *Adams*, 105 Ind. 151, 164; *Brown* v. *Byroads*, 47 Ind. 435; *Mellor* v. *Merchants' Mfg. Co.*, 150 Mass. 362; *Evarts* v. *Railway*, 56 Minn. 141,— 22 L. R. A. 663, and notes.

In what McGill did in pursuit of the runaway cars, he acted, not as the servant of the defendants in the course of his employment, but as a mere volunteer. One who, without request, of his own motion voluntarily puts himself into a place of danger cannot recover for any injury which may result from his own act. *Pike* v. *Railway*, 39 Fed. Rep. 255; *Church* v. *Railway*, 50 Minn. 218, — 16 L. R. A. 861, and notes. Assuming that the dangerous situation — the cars beyond control upon the descending grade — was created by prior personal negligence of the defendants, the only question upon the view most favorable to the plaintiff is whether McGill, by the exercise of ordinary care, could have escaped injury to himself. If he could, the plaintiff cannot recover. *Nashua Iron and Steel Co.* v. *Railroad*, 62 N. H. 159, 162. In such case the defendants are not liable, for the same reason that they could recover from McGill in case of injury to themselves or their property from his wrongful interference, because their antecedent negligence furnished merely the occasion, while McGill's want of care would be the responsible cause, of the injury which would not have occurred except for his fault. *Davies* v. *Mann*, 10 M. & W. 546. Upon the question whether McGill, by the exercise of due care, could have escaped injury, the evidence presents nothing for submission to the jury. Reasonable men can come to but one conclusion upon the question. *Hardy* v. *Railroad*, 68 N. H. 523. He was in a place of safety, threatened with no danger. He did not suddenly find himself "in a situation of danger, whatever action he might take." *Folsom* v. *Railroad*, 68 N. H. 454, 460. He was under no obligation to act. His case is the same as that of any bystander or stranger who happened to observe the escaping cars. But the case does not stop here. To prevent cars that might start upon the descending grade escaping to the main line, and to guard against the serious result likely to follow such occurrence, the defendants had provided a switch in the siding, which was usually kept open so that cars which might run away should be derailed before reaching the main line. The switch was open upon this occasion. McGill ran ahead of the first

car and closed the switch, so that the car, instead of being derailed, followed on toward the main line. McGill then, without opening the switch or observing whether other cars were coming,— a fact which the case shows he must have learned if he had looked,— ran after the first car, and was run over by the second car which followed over the switch as left by him. He was injured, not only because he voluntarily went into danger from a place of safety to perform a work that was not his to do, but because, upon the occasion for which the defendants had devised a safeguard, he by his own act rendered such safeguard inoperative. Undoubtedly with the best of motives, for the purpose of preventing the slight loss which would result from dumping the car at the switch, and probably confident of his ability to catch and stop the car before it reached the main line, he voluntarily took the risk of the greater danger. By whatever cause the cars were originally set in motion, he wrongfully turned them from a comparatively safe course to one fraught with great danger, and assumed the responsibility for what might follow. That he was injured by the car following gives him no more claim against the defendants than if, having reached and been unsuccessful in stopping the first car, he had been injured in a collision with a train upon the main line.

After McGill placed himself upon the track in pursuit of the moving car, the defendants were still bound to exercise ordinary care to avoid injuring him. They could not without liability carelessly or negligently run upon or injure him. *Felch* v. *Railroad*, 66 N. H. 318 ; *Evarts* v. *Railway*, 56 Minn. 541. But there is no evidence that the defendants or their servants, by the exercise of any degree of care, could have prevented the injury, either by warning him of the second car or by opening the switch which he had closed. It is clear from the case that they could not have prevented the injury after McGill had put himself in the place of danger. If there might be question whether for McGill's unauthorized act beyond the scope of his employment, without request and against the defendants' directions, the defendants might not be liable to third persons injured thereby (*Andrews* v. *Green*, 62 N. H. 436 ; *Fredericks* v. *Railroad*, 157 Pa. St. 103,— 22 L. R. A. 306), there can be no question that they are not liable to him or to his administratrix for an injury to him resulting from his own act. The question of remote and proximate cause is generally for the jury. *Boothby* v. *Railway*, 66 N. H. 342 ; *Stark* v. *Lancaster*, 57 N. H. 88 ; *Gilman* v. *Noyes*, 57 N. H. 627. This proposition, however, is necessarily subject to the limitation affecting the submission of all questions of fact to the jury : that if on the evidence reasonable men can come to only one conclusion, there is no question for their decision. *Pike* v. *Railway*, *supra* ;

*Deschenes* v. *Railroad*, 69 N. H. 285. Whatever the cause of the escape of the cars, McGill's act was a wrongful, responsible, intervening force which was the proximate cause of his own injury. *State* v. *Railroad*, 52 N. H. 528, 552; *Gilman* v. *Noyes, supra;* Cool. Torts 68–70. Upon the evidence no other conclusion is reasonable. The submission of the case to the jury was error. The verdict for the plaintiff must be set aside and a verdict entered for the defendants.

*Exception sustained : judgment for the defendants.*

WALLACE, J., did not sit: the others concurred.