Burket, J.
The first question arises as to the introduction of part of the evidence by Dr. Bauer. He testified that on the day of the accident he was in the station when the freight train from the north pulled in upon the side track, and that “While in there one of the train crew, I took it to be, came in and held a conversation -.” Objection being made, counsel for plaintiff said: “Describe this man that came in.” Counsel for defendant, still objecting, said: “ He may describe the man.” The witness answered: “He was a stranger to me, but he was a trainman, one of the train crew.” The court was asked to exclude and rule out this testimony, but refused to do so, to which there Avas an exception saved. This testimony was. not competent. When a party offers evidence he must first qualify his witness to speak as to the subject matter. Here the witness failed to show that he was qualified to say whether the man was one of the crew or not. And objection being made by counsel for the defendant, it was incumbent upon the plaintiff to show that the witness had some means of knowledge *240 upon the subject, and was not just merely guessing at it.
The same witness also testified that this trainman ■obtained an object from the station agent, and that the trainman and the station agent had some conversation about it, and the station agent said, “Here is one, I have got one,” and handed it to the trainman. That the object was a metallic box about three inches long, two and a half inches wide and three-fourths of an inch thick, with rounded ends. That at the time he did not know what it was, but that he knew at the time of testifying that it was a signal torpedo. To all of this testimony there was objection and proper exceptions saved. As the witness had not qualified as to whether the man who came into the station was a trainman or not the evidence as to the conversation was incompetent.
If the witness did not know on that day what the ■object so delivered by the station agent was, but by knowledge subsequently obtained knew at the time he testified that it was a signal torpedo, it was competent for him to testify to the fact as he knew it to be at the time of testifying. Runyan v. Price et al., 15 Ohio St., 1. A witness may see a stranger and not know who he is, but by knowledge subsequently •obtained, as by acquaintance and association with him he may be able years afterwards to testify positively who the stranger was. A witness should testify as his knowledge is at the time of testifying, and not as his ignorance was at a previous time.
Upon the trial counsel for the railroad company requested the court to charge as follows: *241 except to place the north switch light in position, pursuant to the request of the station agent, Swinehart, then I say to you that the fact that the railroad company had permitted the public to travel over this part of its property without objection, would not entitle the plaintiff to receive, at the time of his injury, that degree of protection from injury which such public would have been entitled to receive, nor that degree of protection he would have been entitled to receive, had he been upon the property as one of the public.”
*240 “If you find that at the time the plaintiff, Raymond Gilbert Marsh, received his injury he was on the property of the railroad company for no purpose
*241 This request was refused, and the court charged the jury upon the same subject as follows:
“And I say to you further upon this point that it is negligence for the servants of such railroad company, wantonly and needlessly and without notice, warning or other precaution, to place and leave exposed to observation, at such point or place on its railroad where the public, including children, are and have been so permitted by the company to travel and pass, an apparently harmless, but in fact highly explosive and dangerous object like a signal torpedo, easily picked up and handled by children and likely to attract them, and known to such servants to be such.
“The question, therefore, gentlemen, comes to this: It is admitted that this boy was injured by the explosion of a signal torpedo on the railroad track. The plaintiff charges that it was placed there and left unexploded, and that at that time and place, and under those circumstances, the track having been commonly used for a long time by the public and by children as a passageway, with the knowledge of the defendant, and with its permission, and that the defendant was guilty of a want of ordinary care in such use of its property, and by placing this torpedo upon *242 its tracks and permitting it to lie there unexploded, whereby the plaintiff was injured. Now, this is the plaintiff’s claim. * * *
“The burden of proof, as I have stated to you, is upon the plaintiff to establish these propositions by a preponderance of the evidence. He must show you that the railroad company permitted its tracks and right of way to be used by the public and by children in the manner that I have already stated to you, and that while he was there upon that track or passing along the same, under the circumstances stated in his petition, that he was injured by the explosion of this torpedo and that the torpedo was placed there and left unexploded by the defendant, its servants or agents.”
Proper exceptions were saved to this charge, and to the refusal of the court to charge as requested. The court erred in refusing to charge as requested, and in the charge as given, and in refusing to rule out the evidence as to the travel of the public, including children, upon and along the railroad, and also in receiving such evidence. The error occurred by regarding the principles of the case of Harriman v. Railway Company, 45 Ohio St., 11, as applicable to the facts of this case. In that case an unexploded signal torpedo was knowingly and recklessly left on the railroad track at a point where the public, including children, had for years been permitted to cross the track, using it as a path of travel, and the torpedo was picked up by a boy at that place while using the path of travel in the usual manner, as one of the public passing and repassing along the same, while in the case at bar the torpedo was not picked up by the boy while passing along and upon the railroad track as one of the public, but while going upon the track in *243 the performance of his engagement with the station agent to light the lamp at the switch stand. His being upon the track at that time was not induced by the fact that the track had been used for years as a line of travel by the public, but by reason of his engagement to light the lamps. His rights and the liabilities of the railroad company would have been the same if the track of the railroad company had never been used as a line of travel, or if the injury had occurred while the boy was going to the switch stand south of the highway where the railroad was not used as a line of travel, so far as appears in this case. The principle is the same as that held in Kelley v. Columbus, 41 Ohio St., 263, 270, where the court say: “If there had been a business room in the building, or upon another part of the lot which would have been an implied invitation to the public to go there, it still would not help the plaintiff when he admits that he did not go upon the lot for any such purpose.”
Counsel for the railroad company also requested the court to give the following charges to the jury which were refused and exceptions taken:
“2. I say to you further that if you find that he was upon that part of the property of the railroad company where he received his injury, at the time he received his injury, only for the purpose of placing the north switch light in position at Swinehart’s request, then his right to be there was no greater than that of a licensee and the company was under no obligation to do more than refrain from inflicting wilful injury upon him
“3. I say to you further that, if you find that plaintiff was at the place where the injury was received for no purpose except to carry out the request of Swine-hart as to the switch light, then and thereby he as *244 sumed all risks of injury, short of wilful injury, that might result from the negligence of any servant of the company.
“4. If you find that any member of the train crew of the local freight train which reached Myersville between twelve and one o’clock P. M., on the day of the accident left an unexploded torpedo upon the property of the railroad company, where the plaintiff received his injury, which torpedo was found and exploded by the plaintiff .at that place while there pursuant to the request of Swinehart to place said north switch light in position, and in consequence thereof he received the injuries complained of, then I say to you further that such act of said member of that train crew would not constitute negligence of the company of which the plaintiff could in law complain.
“5. The petition in this case does not aver that the defendant had knowledge of the fact that the plaintiff was lighting and carrying the switch lamps back and forth along the railroad or that the plaintiff was going back and forth along the railroad for any purpose, and unless you can find from the evidence that the injury to the plaintiff was willfully and intentionally caused by the defendant, then your verdict should be for the defendant.”
There was no error in refusing these requests.
The requests are all founded upon the theory that one who, upon request, voluntarily assists the servant of a corporation in the performance of his duties without the knowledge of the officers, the servant having no authority to procure such assistance, is a volunteer, and can recover from the company only for wilful injuries inflicted upon him. Upon the hearing this view was persistently urged by counsel for *245 plaintiff in error, both in their brief and upon oral argument.
Where a person at the request of a servant of a corporation, assists such servant in the performance of his work without any purpose or benefit of his own to be served by such assistance, he is regarded as a mere volunteer, and the requests to charge would be applicable to such a case. But where he has a purpose or benefit of his own to be served by such assistance, in addition to the purpose of assisting the servant, he is regarded as acting in his own behalf, with at least the acquiescence of the company. A trespasser who is upon the company’s premises wrongfully, and a mere volunteer, stand upon substantially the same footing, and are entitled to recover only for such negligence as occurs after the servants of the company discover their perilous situation, that is for wilful or intentional injury. But there is a class between mere volunteers and trespassers and partaking somewhat of the characteristics of each, that is where the person assists the servant at his request, not only for the purpose of assisting in the work of the master, but also for a purpose and benefit of his own. In such cases it cannot be said that he is wrongfully upon the premises, because he is invited by the servant in charge. The master may not have assented, but neither has he dissented, and being there upon the invitation of the servant in charge and there being no dissent of the master, he is regarded as being there by sufferance. And being there by sufferance he is rightfully there for the double purpose-of aiding the servant, and thereby furthering the interests of the master, and of furthering his own private interests in his own behalf and for his own purposes and benefits. In such cases the person so assisting cannot be *246 held to thereby become a servant of the master, because the servant inviting such assistance has no power or authority to employ other servants, and therefore the law of fellow servants is not applicable. As such assistant is not a trespasser, and not a fellow servant, and not a mere volunteer, the law assigns to him without name the position of one, who, being upon the premises of another by the sufferance of such other, performing labor or service for his own purpose and benefit in his own behalf, is entitled of right to be protected against the negligence of the owner of the premises or his servants. The case of Street Railway Co. v. Bolton, 43 Ohio St., 224, was decided upon this principle, although the principle is not very clearly stated in the report of the case. The case of Eason v. S. & E. T. Ry. Co., 65 Texas, 577, belongs to the same class. The court in that case say: “The principle upon which a recovery is allowed is this: The injured person is not a volunteer, but engaged at the request or with the permission of the railway’s agents in a transaction of interest as well to himself or his master as to the railroad company, and this entitles him to the same protection against the negligence of the company’s servants as if he were at the time attending to his own private affairs. Though, performing a service beneficial to both, he is doing so in his own behalf, and not as a servant of the company. The request or acquiescence gives him the right to perform the' service; the fact that he acts in his own behalf, however beneficial his labors may be to the company, gives him the right to be protected against the negligence of the company’s servants.”
There is also a clear explanation of this principle in Church v. C. M. & St. P. Ry. Co., 50 Minn., 218, 221. Many other cases illustrating this principle in *247 its application to different facts are found in the above cases, and in cases cited by counsel in their briefs and which the reporter will carry into the report of this case.
As the boy in this case by his engagement with the station agent was to perform a service in lighting and cleaning the lamps beneficial to the company on the one hand, and to himself on the other, as he was to receive and did receive pay from the agent' for his services, we think that he was on the railroad at the time of the injury by the sufferance of the company, not as a servant of the company, nor as a trespasser, nor as a mere volunteer, but as one performing a service in his own behalf and for his own purpose and benefit and entitled of right to be protected against the negligence of the servants of the company.
One case is cited by counsel for defendant in error, and we know of no other, Rhodes v. Georgia R. R. & Banking Co., 84 Georgia, 320, where it is in effect held that where a child under the age of discretion assists, upon request, the servant of a railroad company in the performance of his duties without any purpose or benefit of his own to be subserved thereby, and therefore a mere volunteer, and is injured by the negligence of such servant while in the act of assisting him, the company is liable to such child in damages. Whether this decision was induced by the statutes of that state does not clearly appear, but it probably was, because in addition to their statutes as to children under the age of discretion referred to in the opinion, section 3033 of their code provides as follows: “A railroad company shall be liable for any damages done to persons, stock, or other property, by the running of the locomotives, or cars, or other machinery of such company, or for damage done by any *248 person in the employment and service of such company, unless the company shall make it appear that their agents have exercised all ordinary and reasonble care and diligence, the presumption in all cases being against the company.” The injury in that case occurred in moving a freight car.
This section is broad enough, to make a railroad company liable to mere volunteers whether adults or infants, and yet it is conceded in the opinion that a mere volunteer cannot recover. The exact ground of the decision is not clearly pointed out, and whether the courts of this state would go to the extreme limit of that case may well be doubted. But we are not required, however, in the case at bar, to go to the extent of the Georgia case, because here the boy had a right to be protected against the negligence of the servants of the company upon the principles hereinbefore stated.
As the company had employed a proper person for station agent, it had the right to rely upon him, and presume that he would perform his duty as to lighting and cleaning the lamps, and it was not bound to anticipate that the station agent would employ a boy of tender years to perform that duty for him; and, therefore, it was not bound to keep its right of way in a safer condition than would have been required in. case the station agent had attended to the lights himself. If, however, the company had knowledge that the boy was actually performing that service, and for that purpose was daily passing over and along, its track, it was bound to anticipate that an unexploded signal torpedo upon its track might be picked up and exploded by him to his injury; and the leaving of such torpedo upon the track, either wrongfully, or negligently by the servants of the *249 company, would be such negligence as would, in case of injury to the boy by reason thereof, sustain an action against the company.
Counsel for defendant in error have cited and strongly urged the cases of Defiance Water Co. v. Olinger, 54 Ohio St., 532, and Bradford Glycerine Co. v. Manufacturing Co., 60 Ohio St., 560, but those cases are not applicable to the case at bar. The principle of those cases and Fletcher v. Rylands, 1 Exch. L. R., 265, upon which they are founded is, that if the owner of a dangerous animal or substance allows it to escape, or sends it from his own premises upon the premises of another, he is liable for all proximate damages resulting therefrom. In the Defiance-Water Co. case, water was allowed to escape, and in the Bradford Glycerine Company case, force or concussion was allowed to escape to the premises of another, and it Avas held that proper damages might be recovered. The following cases throw some light upon the rights of the parties where some substance is cast upon the premises of another: C. & H. Coal & Iron Co. v. Tucker, 48 Ohio St., 41; Collins v. Chartiers Valley Gas Co., 131 Pa. St., 143; Letts v. Kessler, 54 Ohio St., 73; Kelley v. Ohio Oil Co., 57 Ohio St., 317.
In -the case at bar nothing was sent or allowed to-escape from the premises of the railroad company, but the injury occurred upon its own premises. The-boy came to the dangerous object, instead of its escaping and going to him. The principles governing' the two conditions are very different.
As signal torpedoes are necessary in the operation of trains on railroads, the possession of them by men of the train crew cannot be regarded as negligence, and it cannot be presumed that they are negligently *250 used, but negligence in such a case as in all others must be proved either by testimony directly establishing the fact, or by the proof of facts from which such negligence will reasonably follow and be presumed. The jury cannot be allowed to guess that there was negligence without some proof thereof, either direct or inferential.
For the errors above pointed out the judgments of the lower courts are reversed, and the cause remanded to the court of common pleas for a new trial.

Juclgments reversed.