Coös,      }
Dec. 7, 1920. }

### ELEAZER CROTEAU *v.* TWIN STATE GAS & ELECTRIC CO.

Electric light wires having fallen into a highway, one who without authority and under no stress of emergency is injured in attempting to cut the wires, is a volunteer and not entitled to recover for such injury.

CASE, for negligence. The plaintiff was injured while attempting to cut one of the defendant's electric lighting wires, which had fallen in the highway opposite his residence in Berlin. Trial by jury. Case transferred from the December term, 1919, of the superior court by *Marble*, J., on the plaintiff's exception to the granting of a motion for a nonsuit.

The plaintiff was a millwright, and was more or less familiar with the uses and dangers of electricity. During the night before the accident the defendant's wires had fallen to the street, and the plaintiff discovered in the morning that they were flaming. He started to go to his work and when passing the wires he kicked them in order to separate them and then continued on his way until it occurred to

him that his children were likely to get onto the wires and to be burned. He then decided to go back and cut the wires, and for that purpose he took a pair of pinchers around which he wrapped his handkerchief and attempted to cut the wires, receiving the injury complained of. The wires were afterwards repaired by the defendant.

*Murchie & Murchie (Mr. Alexander Murchie orally)*, for the plaintiff.

*George F. Rich (by brief and orally)*, for the defendant.

WALKER, J. If it is conceded that the defendant was careless in its management or control of the wires near the plaintiff's house, it is apparent that the defendant owed him no duty which it violated or failed to observe at the time he sought to cut the wires. This was a voluntary act on his part, neither authorized nor ratified by the defendant, nor rendered necessary for his own protection or that of his family. There was no emergency that required it. He was an intermeddler with the property of the defendant, and cannot recover. *McGill v. Company*, 70 N. H. 125, 128; *Garland v. Railroad*, 76 N. H. 556; *Clark v. Railroad*, 78 N. H. 428.

*Exception overruled: judgment for the defendant.*

All concurred.